Jones, Oliver B., J.
The law announced by this court in Livingston v. City of Cincinnati, 4 Ohio App., 338, is applicable to this case. The power to determine when it is necessary to improve or repair a sidewalk is vested in the council of the city. But this power cannot be exercised in an arbitrary manner, regardless of the public necessity or the rights of the property owners. A court of equity will only intervene to prevent such arbitrary action amounting to a manifest abuse of discretion.
The evidence shows that the brick sidewalk described in the petition, having a frontage of 250 feet on the north side of Eighth street, between *421 Depot street and State avenue, is out of repair in the following particulars: that, commencing 18 or 19 feet from the west end, and running 20 feet or more in length in front of the property described as a carpenter shop, it is in bad condition, the bricks being entirely missing one-third of the width of the sidewalk, and the other two-thirds of the width being of a rough and uneven surface containing a two-inch depression and projecting bricks, which portion should be replaced with a new sidewalk; that the center of the sidewalk just east of this front for a distance of about 40 feet is rough, which should be so relaid as to be smooth and even; and that four certain depressions or valleys are shown, varying from one to two and a half inches deep, extending from the curb eight to ten feet across the sidewalk, at stop-boxes, being evidently where trenches have been dug for water or gas service pipes which have not been properly filled and tamped when repaved, which depressions should be filled and repaved. Other slight defects are indicated by the evidence, especially the evidence of City Sidewalk Engineer Barr and by the plan or blueprint submitted. With the exception of the sidewalk in front of the carpenter shop above referred to, where a new sidewalk should be constructed, the remainder of the sidewalk is in good condition, favorably corresponding with the brick sidewalks laid in that portion of the city, and answering all the needs of public travel. The defects above pointed out are of minor importance and can all be remedied by comparatively inexpensive repairs, which should be made by the property owner under the supervision of the city.
*422 Plaintiffs should be permitted to repair all of that part of the sidewalk except that portion lying in front of the carpenter shop, where á new sidewalk should be built. Under the circumstances shown, the court find that it would be an abuse of discretion for the city to require the destruction of the entire brick sidewalk and its replacement by a cement sidewalk at the cost of the property owners.
Attention is called by the city in its evidence to the fact thát certain stop-boxes situated in this sidewalk near the curb are above the grade and the surface of the sidewalk, and that several drains from the yard empty upon the surface of the sidewalk. Neither of these complaints would be recti- . fied by changing the sidewalk from brick to cement. If they are contrary to the legal requirements of the city, proper steps may be taken for their correction, but they are not involved in the sidewalk order here under consideration.
An injunction will be granted as above indicated.

Injunction allowed.

Jones, E. H., and Gorman, JJ., concur.